# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 5:26-cv-03491-CH |
| Whitehall Manor, Inc., | : | |
| *Debtor.* | : | |
| | : | Bankruptcy Case |
| Lehigh Valley 1, LLC, | : | No. 25-bk-15245 (PMM) |
| *Appellant.* | : | |
| | : | |

## APPELLANT LEHIGH VALLEY 1, LLC'S OBJECTION TO MOTION OF WHITEHALL TRUST AND SAUCON TRUST FOR A DECLARATION OF APPELLEE STATUS OR, IN THE ALTERNATIVE, FOR LEAVE TO INTERVENE

Appellant Lehigh Valley 1, LLC ("Lender") objects to the Motion of Whitehall Trust and Saucon Trust for a Declaration of Appellee Status or, in the Alternative, for Leave to Intervene (ECF 7, "Trusts' Motion"). The Trusts' Motion was filed by Whitehall Trust and Saucon Valley Trusts (collectively, the "Trusts"). In support of this objection, Lender states as follows:

1. The Trusts' Motion should be denied because the Trusts are not debtors in bankruptcy and were not parties to the underlying motion in Bankruptcy Court.

2. *First,* the Trusts should not be permitted to participate in these appeals because their bankruptcy cases were dismissed with prejudice.

3. On March 19, 2026, the Bankruptcy Court entered an order dismissing the Trusts' bankruptcy cases because the Trusts are not eligible

to be debtors in bankruptcy. Although the Bankruptcy Court stayed that order to ensure that Lender's foreclosure actions would not proceed until the Trusts' appeal of their dismissal is resolved, that does not change the fact that the Trusts themselves are not eligible to be in bankruptcy.

4.     The Trusts argue that they have the ability to participate in this appeal pursuant to Section 1109(b) of the Bankruptcy Code, 11 U.S.C. § 1109(b). However, Section 1109(b) grants a ***debtor in bankruptcy*** the right to be heard on any issue in a bankruptcy case.

5.     The Bankruptcy Court has found that the Trusts  are not proper debtors.

6.     Accordingly, the Trusts have no right to be heard in this appeal under Section 1109(b).

7.     *Second,* the Trusts should not be permitted to participate in the appeal because they were not parties to the underlying Joint Motion in bankruptcy court.

8.     The underlying motion sought an order compelling the Manor Debtors – the Trusts' affiliates, who remain debtors in the bankruptcy cases – to assume or reject their leases, or to provide Lender or the Court-Ordered Receiver relief from the automatic stay to pursue legitimate actions enforcing the Manor Debtors' leases.

9.     The Trusts are separate entities from the Manor Debtors, and the underlying motion did not seek relief against the Trusts. Although their owners have tried time-and-again to claim – through conflicted counsel – that the Trusts and the Manor Debtors are deeply intertwined, they are in fact separate entities. As a result, the Trusts have no role in this appeal.[1]

10.     Moreover, the Trusts' alternative request to intervene in this appeal pursuant to Fed. R Bankr. P. 8013(g) is meritless, and should be denied.

11.     The Trusts meet none of the criteria for appellate intervention under the Bankruptcy Rules.

12.     Contrary to the Trusts' arguments:

- As demonstrated above, the Trusts have no interest in this appeal, which seeks to vindicate rights against the Manor Debtors.

- Although the Trusts joined in the response filed in Bankruptcy Court (through conflicted counsel for the Manor Debtors), the Trusts did not seek leave to intervene in order to do so.

- The Trusts offer no substantial explanation why they need to participate in these appeals, let alone submit anything more than an *amici curiae brief.*

---

[1]   The Trusts attempt to latch onto procedural language in the filed notice of appeal to try to convince this Court that they are somehow entitled to participate as appellees. However, as the Trusts have no legal role in this appeal, the wording of the notice of appeal is simply immaterial.

13.     Appellant Lehigh Valley 1, LLC reserves all its rights and arguments in this appeal, including, without limitation, those set forth in its opening brief (ECF 5).

WHEREFORE, the Lender respectfully requests that this Court enter an Order denying the Trusts' Motion for a Declaration of Appellee Status or, in the Alternative, for Leave to Intervene.

Respectfully Submitted,

HANGLEY ARONCHICK SEGAL PUDLIN
& SCHILLER

Dated: June 29, 2026

By: */s/ Matthew A. Hamermesh*
    Matthew A. Hamermesh
    Sara E. Smith
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
(215) 568-6200
mhamermesh@hangley.com

BERGER LAW GROUP, P.C.
Phillip D. Berger
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
(610) 668-0800
Berger@BergerLawPC.com

*Attorneys for Secured Creditor Lehigh Valley 1, LLC*

4